

The following constitutes the order of the Court.
Signed: July 22, 2019

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

FRED ASSADI,

                Debtor.

Case No. 16-52008 MEH

Chapter 13

Date: 06/27/19
Time: 9:30 a.m.
Ctrm: 11 (3020)

## MEMORANDUM DECISION

The California Department of Tax and Fee Administration ("CDTFA") moved to dismiss this case pursuant to Bankruptcy Code § 1307.[1] Debtor opposed the request. The court finds that cause for dismissal exists and that dismissal is in the best interests of creditors.

Background

Debtor Fred Assadi filed this Chapter 13 case on July 12, 2016. His Chapter 13 Plan was confirmed by an order entered November 29, 2017.

The claims register for Debtor's case establishes that as of the petition date Debtor owed $25,279.99 in prepetition sales taxes.[2] The confirmed plan provides for payment in full of this priority claim. The plan provides for no distribution to nonpriority unsecured claims.

---

[1] 11 U.S.C. §§ 101 *et seq.* is referred to herein as the Bankruptcy Code.
[2] At the time the proof of claim was filed, CDTFA was identified as the State Board of Equalization.

1

California imposes a sales tax for the privilege of selling tangible personal property at retail in California under California Revenue & Tax Code §§ 6051, 6451, 6452. Pursuant to these provisions, the retailer is required to file quarterly tax returns, and provide quarterly payment of the amounts due. During the pendency of this case, Debtor filed the quarterly returns but remitted only a portion of the amount due each quarter. As of May 29, 2019, a total of $47,616.32 was due for postpetition taxes.

CDTFA moved to dismiss the case pursuant to Bankruptcy Code § 1307(c), on the ground that the Debtor's failure to pay taxes is "cause" for dismissal.

Discussion

(1) *Grounds for Dismissal*

Bankruptcy Code § 1307 provides that a Chapter 13 case may be dismissed or converted for cause. Section 1307(c) provides a nonexclusive list of circumstances giving rise to cause for dismissal. Unlike Chapter 11 where § 1112(b)(4)(I) expressly provides that failure to timely pay postpetition taxes constitutes cause, § 1307(c) does not include failure to pay postpetition taxes as one of the enumerated grounds.

CDTFA asserts that a debtor's failure to pay postpetition taxes is *per se* cause for dismissal. Motion, p. 3. This position is not supported by the cases it relies upon. CDTFA's primary citation is dicta from *California Franchise Tax Board v. Kendall (In re Jones)*, 657 F.3d 921, 929 (9th Cir. 2010), which does not fully support CDTFA's position. Additionally, several of the cases cited by CDTFA involved plans or confirmation orders requiring a debtor to timely pay postpetition tax liabilities, wherein dismissal was based on material default of the plan or violation of an order establishing duties of the debtor. *See In re Bennett*, 200 B.R. 252 (Bankr. M.D.Fla. 1996) (finding cause due to violation of order requiring debtor to meet all personal tax obligations); *In re Koval*, 205 B.R. 72 (Bankr. N.D.Tex. 1996) (dismissing based on violation of terms of Standing Order re Chapter 13 Cases). Neither Debtor's Chapter 13 Plan nor the confirmation order incorporates such a provision. Further, the Northern District of California has not issued a standing order requiring postpetition payment of taxes in Chapter 13 cases.

Alternatively, CDTFA asserts that the failure to pay postpetition taxes constitutes bad faith justifying dismissal. Debtor disputes CDTFA's position. Bad faith is analyzed under the "totality of the circumstances" standard. *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994).

Two of the cases addressed in the pleadings are helpful to this analysis. In *In re Wigley,* 333 B.R. 768 (Bankr. N.D.Tex. 2005), the court noted that the debtor filed her Chapter 13 case to discharge her prepetition trust fund tax obligations from a business no longer in operation. In dismissing the case for lack of good faith, the court held that debtor's willful avoidance of her postpetition tax obligations, lack of honesty with the IRS and "repeating pattern of tax evasion" warranted dismissal of the case for cause. *Id.* at 781. Similarly, in *In re King*, 217 B.R. 623 (Bankr. S.D.Cal. 1998), after debtors completed all payments under the plan and were awaiting discharge, the IRS filed a claim for postpetition taxes. Debtors objected to the IRS claim and the Chapter 13 Trustee filed a motion to dismiss. Debtors argued they would be prejudiced by the allowance of the IRS claim because they would not be able to complete the plan within 60 months. The IRS responded that debtors had paid off the plan using money that should have been paid to the IRS. Finding that the amount of taxes owed was $33K and debtors made $30K in plan payments, the court agreed with the IRS and overruled the claim objection. While the *King* court dismissed based on material default of a plan provision, its comparison of plan payments made to the postpetition default is on point. Here, based on the claims to be paid through the plan, it appears that the postpetition amount not paid to CDTFA is greater than or equal to the plan payments Debtor is required to have made thus far.

Debtor's plan provides for payment of $28,000 in priority tax debt and discharge of $186,000 in nonpriority tax debt. Since the filing two and half years of taxes have come due – and Debtor has accrued $47,616 in unpaid postpetition tax liabilities. Debtor was recently evicted from his business premises. As represented by Debtor's counsel at the hearing, Debtor lacks the ability to cure the postpetition delinquency and intends to address the postpetition tax obligation after his Chapter 13 plan is completed. Absent other relief,

CDTFA will be required to wait an additional two years before pursuing collection of this postpetition obligation.

I find that allowing Debtor to continue plan payments where he has accrued greater postpetition tax liability than he will repay through the plan, combined with an inability to cure the postpetition default, and an asserted intention not to do so constitutes an unfair manipulation of the Bankruptcy Code. It also indicates the plan is being pursued in an inequitable manner. As such, the "totality of the circumstances" test establishes cause for dismissal because of bad faith.

Upon finding cause pursuant to § 1307(c), dismissal is at the court's discretion considering only the best interests of creditors and the estate. CDTFA holds the largest claim to be paid through the plan. It seeks dismissal to pursue its postpetition claim. This new claim is greater than its claim to be paid through the plan. Debtor's plan provides no distribution to nonpriority unsecured claims. Debtor has no assets to warrant conversion to Chapter 7. In sum, I find dismissal appropriate.

(2) *Additional arguments asserted:*

Debtor raises additional arguments in his opposition that do not result in a different result.

First, Debtor alleged that CDTFA violated the automatic stay by contacting Debtor and seeking to collect the postpetition taxes. Debtor's counsel argued that as the estate did not revest in Debtor upon confirmation CDTFA was attempting to collect property of the estate. It is well-established procedure that a request for affirmative relief is not properly presented when raised for the first time in an opposition brief. If Debtor believes he suffered damages from violation of the stay, he may file a motion requesting relief. This issue is not before the court and the undisputed fact is that Debtor owes postpetition taxes.

Second, Debtor asserts various equitable arguments regularly brought by Debtor's counsel in response to motions to dismiss. I hereby adopt and incorporate the analysis provided in *In re Malek*, 2018 WL 4354035 (Bankr. N.D. Cal. Sept. 13, 2018) in finding the

arguments presented without merit and without evidentiary support as Debtor failed to provide a declaration or other evidence in support of his opposition.

Finally, Debtor requested an evidentiary hearing in its opposition. This demand was superseded by Debtor's consent to resolution of the matter on the pleadings at the hearing.

Conclusion

For the reasons stated herein, CDTFA's motion to dismiss is GRANTED.

\*\*END OF ORDER\*\*

**COURT SERVICE LIST**

ECF Participants